IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRAVIS TERRY, #330453,<br>       Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. RWT-06-284 |
| | * |
| JAMES O'NEIL,<br>       Defendant | * |

******

### MEMORANDUM OPINION

On February 1, 2006, Plaintiff filed a civil rights action pursuant to 42 U.S.C. §1983 against James O'Neil, the Warden of the Baltimore County Detention Center. Paper No. 1. Counsel for Defendant has filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment, which is not supported by any documentary evidence and accordingly with be treated as a motion to dismiss. Paper No. 8 Plaintiff has not responded, despite having been granted additional time to do so. Paper No. 11. No hearing is needed to resolve the pending dispositive motion. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion to Dismiss shall be denied.

### 1. Factual Background

Plaintiff states that:

> I have been housed on segregation due to my behavior, from my understanding every seg. unit in Maryland are allowed an hour to shower [and] exercise everyday. I only receive 15 mins 3x a week Sun. Tues. Thurs. I also have a major medical problem. I have a prosthectic leg. I needed to be placed on the medical teir classification placed me in population. Administrative took all hygeine product and refuse to provide me with lotion, hair grease and lip therapy. I would like fore the court to force towson detention center, James O'Neil to pay me compensation or dismiss my county charges. I have suffered mentally, emotionally and physically. [sic]

Paper No. 1.

### 2. Standard of review

"A court may dismiss a complaint only if it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U. S. 69, 73 (1989) (citing Conley v. Gibson, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." Revene v. Charles County Commissioners, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." Finlator v. Powers, 902 F.2d 1158, 1160 (4th Cir. 1990) (citing Jenkins v. McKeithen, 395 U. S. 411 (1969)).

### 3. Analysis

Defendant maintains that the complaint should be dismissed because Plaintiff has failed to state a constitutional claim and has failed to allege any injury. Paper No. 8. To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of right, privilege, or immunity secured by Constitution or federal law. *See* Inmates v. Owens, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct which is likely to be redressed by the requested relief. See Allen v. Wright, 468 U.S. 737, 751 (1984).

Plaintiff's allegations that he was denied showers, recreation and adequate hygiene materials states a claim under the Due Process Clause of the Constitution. Neither party has advised the Court of Plaintiff's detention status, although it appears that Plaintiff is a pretrial detainee. Confinement conditions of pre-trial detainees are to be evaluated under the Due Process Clause of the Constitution rather than under the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). While a convicted inmate must prove that his confinement is cruel and unusual punishment, a detainee need

only prove that confinement amounts to punishment in order to state a claim. See Nelson v. Collins, 659 F.2d 420, 425 (4th Cir. 1981)(en banc). Although inartfully stated, the complaint appears to have stated such a claim.

Likewise, Plaintiff's allegations concerning his not being housed on a medical tier states a viable constitutional claim. If Plaintiff is in fact a detainee, his right to adequate medical care is also evaluated under the Due Process Clause of the Fourteenth Amendment. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

Defendant's contention that Plaintiff's complaint is subject to dismissal because he has failed to allege any injury is erroneous. Contrary to Defendant's assertion, Plaintiff has alleged that he was injured by the conduct of which he complained. Paper No. 1. Given Defendant's recitation of the facts alleged by Plaintiff it appears that counsel may not have seen the additional page of Plaintiff's complaint which contains his allegation of injury. In any event, Plaintiff has alleged an injury and the original complaint survives Defendant's Motion to Dismiss.

Lastly, Defendants claim that even if their actions were unconstitutional they are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U. S. 800, 818 (1982). "In determining whether a government official is entitled to qualified immunity, '[courts] must (1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and (3) evaluate whether a reasonable offic[ial] would have understood that the conduct at issue violated the clearly established right.'" Henderson v. Simms, 223 F.3d 267, 271 (4th Cir. 2000) (quoting S. P. v. City of Tacoma Park, 134 F.3d 260, 265 (4th Cir. 1998)); see also Vathekan v. Prince George's County, 154 F.3d 173, 179 (4th Cir. 1998).

Here, Plaintiff alleges that his right to due process was violated as a result of poor conditions of confinement and the denial of medical care, rights which are clearly established under existing case law. Defendant has not provided the Court with any evidence concerning the specifics of Plaintiff's allegations, i.e. affidavits or declarations from the Defendant or correctional officers regarding Plaintiff's medical care, access to showers, recreation, and hygiene items, or prison logs regarding same. Accordingly, the Court is without information to determine whether a reasonable official would have understood that the conduct at issue violated Plaintiff's clearly established right to due process.

## 4. Conclusion

Given the foregoing, Defendant's Motion to Dismiss is denied. Defendant shall be required to Answer the Complaint. A separate Order follows.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE